IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIKA PRICE,

     Plaintiff,

     v.                                                   No. 1:18-cv-00978-MV-KK

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; LUZ MARTINEZ; LYDIA
GONZALEZ; CHRIS STEVENSON; PAMELA
SALAS-MENDEZ; ALVARO ESPINOZA; and
ROSE DURAN,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Compel Arbitration and Stay Judicial Proceedings [Doc. 5]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

On March 12, 2016, Plaintiff signed an offer letter accepting a position with Defendant Comcast. Doc. 5-1 at 8-10. The letter explained that "Comcast has a dispute resolution program for its employees, known as Comcast Solutions, which provides a three-step process (facilitation, mediation, and binding arbitration) for resolving a variety of workplace legal issues should there be any that arise between [Plaintiff] and the Company during or after [Plaintiff's] employment." *Id.* at 9. The letter further explained that "[b]y accepting this offer of employment with the Company and signing below, [Plaintiff] acknowledges that [she] understand[s] the terms of the Comcast Solutions program and also acknowledge[s] that both [she] and the Company agree to participate in and be bound by the terms of the Comcast Solutions program." *Id.*

On October 22, 2018, Plaintiff filed a complaint against Defendants alleging violations of the Family and Medical Leave Act, Americans with Disabilities Amendments Act, Age Discrimination in Employment Act, New Mexico Human Rights Act, Breach of Implied Contract of Employment, Civil Conspiracy, and Breach of the Implied Covenant of Good Faith and Fair Dealing. Doc. 1. On February 7, 2019, Defendants filed the subject motion requesting that the Court compel Plaintiff to arbitrate her claims, award Defendants attorneys' fees and expenses incurred in bringing the motion, and stay the case pending resolution of the motion. Doc. 5.

Plaintiff, in her Response, states that "[she] has no argument that pursuant to the arbitration procedures set forth by [Defendants], the specific agreement to arbitrate in this matter would be subject to the Federal Arbitration Act" and that "[she] does not even oppose [Defendants'] argument that [her] claims would be otherwise arbitrable in different factual circumstances." Doc. 10 at 4-5. Plaintiff argues instead that "[Defendants] waived adherence to and reliance upon mandatory arbitration through its prior conduct in this matter." *Id.* at 1. The only issues in contention, therefore, are whether Defendants waived their right to arbitration, whether awarding Defendants attorneys' fees and expenses is warranted, and whether a stay is appropriate.

## DISCUSSION

**I.      Defendants did not Waive their Right to Arbitration.**

The Federal Arbitration Act provides that arbitration provisions "are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *BOSC, Inc. v. Bd. of Cty. Comm'rs*

*of Cty. of Bernalillo*, 853 F.3d 1165, 1170 (10th Cir. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

The Tenth Circuit has explained that there is "no set rule as to what constitutes a waiver or abandonment of the arbitration agreement; the question depends upon the facts of each case." *Id.* (quoting *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980)). Several factors, however, are useful in analyzing waiver:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

*Id.* (quoting *Peterson v. Shearson/Amex, Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988)) (brackets in original). These factors are not to be applied mechanically but rather "reflect principles that should guide courts in determining whether it is appropriate to deem that a party has waived its right to demand arbitration." *Id.* (quoting *Hill v. Ricoh Am. Corp.*, 603 F.3d 766, 773 (10th Cir. 2010)). "A party asserting a waiver of arbitration has a heavy burden of proof." *Peterson*, 849 F.2d at 466 (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)).

Plaintiff does not cite the above law or any controlling precedent when arguing that "[Defendants] waived adherence to and reliance upon mandatory arbitration through its prior conduct in this matter." Doc. 10 at 1. Plaintiff's four arguments are discussed below. Each is without merit.

Plaintiff first argues that she notified Defendants of her claims prior to filing the Complaint and that Defendants, despite having notice, chose not to initiate arbitration. *Id.* at 6. Plaintiff explains:

> [Defendants] w[ere] advised by [Plaintiff] two years ago, in writing, of the content and nature of her discrimination and retaliation claims. The response from [Defendants] was stone silence. A year ago, [Defendants] received the [Equal Employment Opportunity Commission] Charge setting forth again [Plaintiff's] discrimination and retaliation claims. Silence again. It is clear the arbitration procedure, by its own terms, would accept by its own language these claims as legal claims subject to facilitation, mediation, and arbitration. Yet, [Defendants] chose rather to file this late-composed motion to compel.

*Id.* Plaintiff, however, fails to mention and "does not dispute that she never submitted the initial filing form or any other complaint or statement of claim to the Comcast Solutions Administrator" to initiate arbitration. Doc. 11 at 5. Plaintiff expected Defendants to initiate arbitration for her but cites no basis for such an expectation.

Plaintiff next argues that Defendants' motion was untimely. Doc. 10 at 6. In doing so, Plaintiff compares this case to *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191 (3d Cir. 2010), in which the Third Circuit reversed a district court's order granting a motion to compel arbitration based on, among other factors, the untimeliness of the motion. In *Nino*, the motion was filed "[a]fter litigating the matter before the District Court for fifteen months." *Id.* at 196. Plaintiff argues that the motion in this case was delayed by "23 months and 12 months," and therefore is "untimely as a matter of law." Doc. 10 at 6. Plaintiff, however, calculates the delay as starting from the time that Defendants were allegedly put on notice of Plaintiff's claims. In contrast, in *Nino*, the delay was calculated from the date the lawsuit began. Using *Nino's* metric, the delay in this case was approximately three months. And, unlike in *Nino*, little litigation occurred in that time. "Plaintiff and [Defendants]

4

have not engaged in any discovery" and "[Defendants] ha[ve] not even filed an answer to Plaintiff's Complaint." Doc. 11 at 3.

Plaintiff also argues that "[Defendants] failed to notify, advise, or communicate about what it now argues is a mandatory provision." Doc. 10 at 7. That is not accurate. There is considerable evidence showing that Plaintiff was not only aware of Defendants' arbitration program, but also agreed to be bound by it. The offer letter Plaintiff signed stated that "[b]y accepting this offer of employment with the Company and signing below, [Plaintiff] acknowledges that [she] understand[s] the terms of the Comcast Solutions program and also acknowledge[s] that both [she] and the Company agree to participate in and be bound by the terms of the Comcast Solutions program." Doc. 5-1 at 9. And in April 2016 and again in February 2017, Plaintiff electronically acknowledged that "[she] underst[ood] that the Comcast Solutions Program is a mutually-binding contract between [her] and Comcast and that [her] continued employment with Comcast is confirmation that [she is] bound by the terms of the Comcast Solutions Program." *Id.* at 80-83.

Plaintiff's final argument is that "should the Court grant the motion, [Plaintiff] stands to lose the sum total of her discrimination and harassment claims from 2017." Doc. 10 at 7. Plaintiff claims that "Comcast Solutions places a 180-day time limitation for the filing of claims to arbitration. *Exh. C, p. 7*. If not submitted before that date, [Defendants] note that the claims are 'considered closed and resolved.'" *Id.* at 4. Plaintiff, however, misreads the very provision that she cites, which states that a party has up to 180 days to initiate arbitration *after a mediation failure*. Doc. 5-1 at 31. Mediation has not occurred in this case; as such, the provision is not applicable here.

Accordingly, none of Plaintiff's theories supports her argument that Defendants waived their right to arbitration. There thus is no basis for this Court to determine that Defendants waived

5

their right to arbitration. Defendants' motion to compel Plaintiff to arbitrate her claims thus must be granted.

## II. Awarding Defendants Attorney's Fees and Expenses is Not Warranted.

Defendants request that the Court award attorney's fees and expenses in accordance with 28 U.S.C. § 1927, which provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As explained by the Tenth Circuit, "[t]his is an 'extreme standard,' and fees should be awarded 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'" *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997)). "The statute makes attorneys potentially liable for harm caused 'because of' unreasonable and vexatious multiplication of proceedings." *Id.* (quoting 28 U.S.C. § 1927). "Thus, 'there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings,' such that the conduct 'result[ed] in proceedings that would not have been conducted otherwise.'" *Id.* (quoting *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997)) (brackets in original).

Defendants argue that "Plaintiff has unreasonably and vexatiously compounded this litigation" because they "provided Plaintiff a copy of her signed offer letter and requested that Plaintiff dismiss her action and initiate arbitration proceedings," yet "Plaintiff refused to do so without any legal or factual basis," which required "Defendant[s] to prepare and file a motion to compel." Doc. 5 at 11. Defendants' argument relies on the Court finding that Plaintiff "multiplie[d]

6

the proceedings in [this] case unreasonably and vexatiously" by filing the Complaint. 28 U.S.C. § 1927.

As explained in the very case that Defendants cite, however, the "unambiguous statutory language [of § 1927] necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun." *U.S. ex rel. Superior Steel Connectors Corp. v. RK Specialties Inc.*, No. 11-CV-1488, 2011 WL 5176157, at *6 (D. Colo. Oct. 31, 2011) (quoting *Steiner v. Winn Group, Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006)) (brackets and emphasis in original). The Court, therefore, finds that awarding Defendants attorney's fees and expenses is not warranted.

### III.    This Court Must Stay the Instant Proceedings.

"Regarding a suit brought in federal court 'upon any issue referable to arbitration under an agreement in writing for such arbitration,' the [FAA] provides the district court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" *Adair Bus Sales v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (quoting 9 U.S.C. § 3). In its motion, Defendants move this Court for a stay pending arbitration. "The proper course, therefore," is for this Court to grant Defendants' motion and stay the action pending arbitration. *Id.*

### CONCLUSION

As set forth above, Plaintiff has failed to meet the standard necessary to demonstrate that Defendants waived their valid right to an arbitration of Plaintiff's claims against them. Defendants, however, have failed to meet the standard necessary to demonstrate their entitlement to attorney's fees under the present circumstances. Finally, this action must be stayed pending arbitration.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Arbitration and Stay Judicial Proceedings [Doc. 5], is **GRANTED** as follows: (1) Defendants' request for an order compelling arbitration of Plaintiff's claims is **GRANTED**; (2) this Court **ORDERS** Plaintiff to arbitrate the claims asserted in this action against Defendants in accordance with the terms of the arbitration agreement between them; and (3) Defendants' request for an order to stay this lawsuit pending the completion of arbitration is **GRANTED.**

Dated this 22nd day of August, 2019.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiff:   Attorney for Defendants:
Michael E. Mozes         Jennifer G. Anderson